

# UNIVERSITY of WISCONSIN LAW SCHOOL

**Faculty Director**
Walter J. Dickey

**Interim Director**
Carrie Sperling

**Clinical Faculty**
Cristina Bordé
Lindsey Cobbe
Katherine Judson
Ben K. Kempinen
Michele LaVigne
Jeremy A. Newman
John A. Pray
Mary M. Prosser
Jonathan Scharrer
Leslie D. Shear
Adam Stevenson
Gregory W. Wiercioch
Steven Wright

May 14, 2015

Mr. Lyle W. Cayce, Clerk
United States Court of Appeals
for the Fifth Circuit
600 South Maestri Place
New Orleans, Louisiana 70130

**VIA ECF**

Re:   *Scott Panetti v. Stephens*, No. 14-70037.

Dear Mr. Cayce:

In its Rule 28(j) letter, the State urges this Court to deny relief to Mr. Panetti based on the recent decision in *Charles v. Stephens*, No. 15-70016. For two reasons, this Court should refrain from taking such action.

First, *Charles* is an unpublished decision that is not precedent under 5th Cir. R. 47.5.4.

Second, and more important, this Court clearly denied relief in *Charles* based on the lack of any arguable merit to the petitioner's underlying *Ford* claim.

The State mischaracterizes Mr. Panetti's evidence by comparing it with the evidence Charles introduced. *See* State's Rule 28(j) Letter at 1 & n.1. This Court repeatedly faulted Charles for failing to present evidence of his current mental condition. The Court noted that Charles offered 31 exhibits, but emphasized that "only two referred to information gathered after 2009." *Charles*, slip op. at 5. In a footnote, the Court explained that the two most recent exhibits were affidavits describing interviews with the petitioner in 2012 and 2013. *Id.* at 5 n.4; *see id.* at 12 n.15 ("Despite Charles's assertion otherwise, some of these affidavits say very little about Charles's current mental state . . . .").

---

In stark contrast, Mr. Panetti presented evidence of his current mental state. The evidence included: (1) descriptions of his counsel's recent interviews with Mr. Panetti, indicating that he holds delusional beliefs about the reason for his execution; (2) dozens of pages of TDCJ records documenting his unusual and atypical behavior over the past few years, including his recent and unprecedented request for antipsychotic medication; and (3) the opinion of a mental health expert who, after reviewing the records, concluded that Mr. Panetti is experiencing an exacerbation of his psychotic symptoms significant enough to warrant a comprehensive evaluation of his present competency for execution.

There can be no question that Mr. Panetti has presented a colorable, non-frivolous claim that he is currently incompetent to be executed.

Respectfully Submitted,

/s/ Gregory W. Wiercioch

/s/ Kathryn M. Kase

Counsel for Scott Panetti


cc:    Dustin M. Howell
       Assistant Solicitor General
       Counsel for Respondent